THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR BOTH A FORMAL AND AN INFORMAL ATTORNEY GENERAL OPINION. BECAUSE BOTH OPINION REQUESTS ARE FACT DEPENDENT AND THEIR ANSWERS MAY BE GLEANED FROM A REVIEW OF APPLICABLE STATUTES, I HAVE BEEN ASKED TO RESPOND TO THE BOARD'S QUESTIONS IN A SHORT LETTER FORM. BOTH OF YOUR OPINION REQUESTS WILL BE ADDRESSED IN THIS LETTER.
YOUR FIRST QUESTION WAS WHETHER THE PRESENT COMMISSIONER OF PUBLIC SAFETY COULD BE APPROVED AS A MEMBER OF THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM. FROM YOUR REQUEST LETTER AND OUR TELEPHONE CONVERSATION, IT APPEARS THAT THE BOARD'S HISTORICAL INTERPRETATION OF ITS STATUTE IS IN ACCORD WITH THE LAW. YOU HAVE STATED THAT IN THE PAST, COMMISSIONERS HAVE BEEN PERMITTED TO BE MEMBERS OF THE SYSTEM BECAUSE THEY WERE EITHER ASSISTANT COMMISSIONERS, AND PERMITTED MEMBERSHIP PURSUANT TO 47 O.S. 2-303 (1981), OR WERE RETIRED, REINSTATED MEMBERS OF THE SYSTEM.
THE BOARD'S REVIEW OF THE STATUTE HAS BEEN CORRECT. THE STATUTES DO NOT PROVIDE FOR THE COMMISSIONER OF THE DEPARTMENT OF PUBLIC SAFETY TO BECOME A MEMBER OF THE SYSTEM SOLELY BECAUSE OF HIS STATUS AS THE COMMISSIONER. SINCE THE STATUTE DOES NOT AUTHORIZE THE COMMISSIONER OF THE DEPARTMENT OF PUBLIC SAFETY TO BE APPROVED AS A MEMBER, THE ONLY WAY HE MAY GAIN MEMBERSHIP IS IF HE MEETS THE OTHER QUALIFICATIONS SET FORTH IN YOUR APPLICABLE STATUTES.
YOUR SECOND QUESTION HAD TO DO WITH THE SITUATION OF IF AN ELECTED MEMBER OF THE BOARD PARTICIPATES IN THE DEFERRED OPTION PLAN, CAN THAT MEMBER CONTINUE TO SERVE AS A MEMBER OF THE BOARD? THE EXAMPLE YOU GAVE WAS: A TROOPER IS ELECTED BY THE MEMBERSHIP AS SET FORTH IN TITLE 47 O.S. 2-303 TO SERVE ON THE BOARD FOR A 3-YEAR TERM. IF THIS MEMBER ELECTS TO RETIRE AND JOIN THE DEFERRED OPTION PLAN FOR A PERIOD OF FIVE YEARS BUT HE STILL IS EMPLOYED IN AN ACTIVE TROOPER STATUS IN EVERY RESPECT EXCEPT HE STOPS ACCRUING BENEFITS FOR EXTRA YEARS OF SERVICE CREDIT AND ALSO STOPS MAKING MEMBER CONTRIBUTIONS, DOES HE GIVE UP HIS POSITION ON THE BOARD?
IN THIS EXAMPLE YOU STATE THE MEMBER ELECTS TO RETIRE AND JOIN THE PLAN. THE STATUTE ACTUALLY READS AT 47 O.S. 2-305.2, AS FOLLOWS,
"IN LIEU OF TERMINATING EMPLOYMENT AND ACCEPTING A SERVICE RETIREMENT PENSION PURSUANT TO 47 O.S. 2-305 OF TITLE 47 OF THE OKLAHOMA STATUTES, ANY MEMBER OF THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM WHO HAS NOT LESS THAN 20 YEARS OF CREDITABLE SERVICE AND WHO IS ELIGIBLE TO RECEIVE A SERVICE RETIREMENT PENSION MAY ELECT TO PARTICIPATE IN THE OKLAHOMA LAW ENFORCEMENT DEFERRED OPTION PLAN AND DEFER RECEIPTS OF BENEFITS IN ACCORDANCE WITH THE PROVISIONS OF THIS SECTION. (EMPHASIS ADDED)"
THE MEMBER DOES NOT ACTUALLY RETIRE FROM SERVICE BUT SIMPLY ELECTS TO DEFER RECEIPT OF THE RETIREMENT BENEFITS. A FICTION HAS BEEN CREATED WHEREBY THE MEMBER, AS IF HE WERE RETIRED, NO LONGER MAKES CONTRIBUTIONS TO THE SYSTEM. HOWEVER, UNDER A GENERAL UNDERSTANDING OF THE TERM RETIRE, N THE MEMBER HAS NOT IN FACT RETIRED.
IT APPEARS THAT MEMBERS OF THE BOARD AND STAFF PARTICIPATED IN THE DRAFTING OF THE LEGISLATION. DID THEY INTEND AN ELECTED MEMBER CONTINUE TO SERVE ON THE BOARD EVEN IF THE MEMBER HAS CHOSEN TO PARTICIPATE IN THE DEFERRED OPTION PLAN? A NEUTRAL READING OF THE STATUTE DOES NOT DISCLOSE THAT SUCH AN OUSTER FROM SERVICE ON THE BOARD IS REQUIRED.
THE STATUTE DOES STATE THAT AT THE END OF THE FIFTH YEAR OF PARTICIPATION IN THE PLAN, THE MEMBER MUST CEASE EMPLOYMENT AND START RECEIVING BENEFITS. HERE, THE STATUTE DOES PERMIT A MEMBER OF THE BOARD TO BE RETIRED. 47 O.S. 303.
(RACHEL LAWRENCE-MOR)